**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SANDEEP NAYAK,** | : | |
| **Plaintiff** | : | **No. 1:14-cv-01053** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **VOITH TURBO, INC.,** | : | **(Magistrate Judge Schwab)** |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Schwab, recommending that Defendants' motion to dismiss be granted in part, and that Plaintiff's motions (1) to quash or invalidate the signed agreement, (2) to amend, (3) and "to temporarily set aside or disregard" Judge Caldwell's opinion in Nayak v. GCA Law Firm, et al., No. 1:13-cv-2533, be denied. Also before the Court are Plaintiff's motions (1) for oral argument, (2) for the recusal of Magistrate Judge Schwab, and (3) to appoint counsel. Upon review of the Report and Recommendation, and Plaintiff's objections thereto, the Court will adopt the Report and Recommendation in full.[1] The Court will also deny Plaintiff's additional motions.

## I. BACKGROUND

Plaintiff Sandeep Nayak was hired as a sales manager by Defendant Voith Turbo, Inc., who allegedly informed Plaintiff in May 2012 that he would be hired for "a minimum period of three years," until at least September 2015. (Doc. No. 1 ¶ 1-4.) Plaintiff, who resided in India,

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

moved to the United States to start the job. (Id. ¶ 6.) Plaintiff alleges, however, that once he began working for Defendant he was harassed by his co-workers because of his nationality and skin color, and that one co-worker threatened to kill him. (Id. ¶¶ 7-8.) He first reported these allegations to Defendant's human resources department on January 13, 2013, but was told that he did "not know how to behave in an American society and would need some training in this regard." (Id. at 9-10.) He was also threatened with the termination of his employment, his co-workers began "retaliating against [him]," and his supervisor physically assaulted him. (Id. ¶¶ 10-12.) Around this time, Plaintiff took medical leave that he attributes as resulting from the abuse and harassment. (Id. ¶ 14.) Plaintiff also filed a second internal complaint through his then-attorney, Anne Zerbe. (Id. ¶ 13.) Defendant responded to this complaint by assuring Plaintiff that it would "not retaliate against Plaintiff's complaint" and by assuring "all support and cooperation for helping Plaintiff to resume work." (Id. ¶ 15.)

Nevertheless, in March 2013, Plaintiff avers that "Plaintiff's attorney [Zerbe] and Defendant conspired together with a common motive of terminating Plaintiff's employment with in [sic] the ambit of the law." (Id. ¶ 16.) In furtherance of the conspiracy, Defendant deferred the date of Plaintiff's return to work. (Id. ¶ 17.) Defendant also again threatened to terminate Plaintiff and to deport him. (Id. ¶ 19.)

Around March 19, 2013, Defendant proposed a confidential agreement and general release ("release") to Plaintiff. (Id. ¶ 22.) It called for Plaintiff to go on paid leave until December 31, 2013, at which time his employment would terminate. (See id. at 34.) Defendant would also pay $10,000 to Zerbe, to cover her fees accrued in acting as Plaintiff's attorney. (Id.) Defendant alleges that this was a "bribe." (Id. ¶¶ 30-31.) The release agreement required

Plaintiff to release, or waive, his right to sue Defendant for "any waivable claim, cause of action, loss, expense, or damage, of any and every nature whatsoever. . ." (Id. at 35-36.) It further required Plaintiff to specifically release any claim including, but not limited to, claims arising under Title VII. (Id.) It also contained a covenant not to sue. (Id.) Plaintiff, however, refused to sign and informed his counsel, Zerbe, that he wanted to continue working for Defendant until September 2015. (Id. ¶¶ 32, 34.) Zerbe thereafter sent another demand to Defendant indicating Plaintiff's desire to return to work; however, "Defendant did not formalize [its] response in writing." (Id. ¶¶ 32-33.) Plaintiff also alleges that Zerbe was friends with Defendant's counsel, and that this was evidence of the conspiracy between Defendant and Zerbe. (Id. ¶¶ 25-28.)

On May 12, 2013, Zerbe spoke with Plaintiff, and told him that the release would have an addendum clause "stating that Plaintiff would remain employed until December 2013 and if Plaintiff is unable to obtain an alternative employment [by December], his employment would be extended" until September 2015. (Id. ¶ 36.) However, "[i]f the Plaintiff finds an alternative employment prior to September 2015 he would have no claims against the Defendant." (Id.) Plaintiff thereafter signed a release, however, the release signed by Plaintiff did not contain the terms of the addendum allegedly explained to him by Zerbe. (Id. ¶¶ 36-43.) The terms of this release, in contrast to the terms as Plaintiff understood them, required for him to submit a letter of resignation, at which time he would be placed on paid leave until December 31, 2013. (Id. at 41.) It further provided that he was not eligible for incentive payments or other employment-related benefits if he obtained alternative employment prior to that date, and that Defendant would not pay the costs of his return to India in the event that he was unable to obtain such alternative employment. (Id. at 41-43.) As to why the signed release does not contain the

addendum Zerbe allegedly described, Plaintiff alleges that Zerbe "produced only the last page of the agreement when she asked him to sign it" and "combined [that page] . . . with five new pages." (Id. ¶¶ 39-41.) He further avers that the execution of the release was "an outcome of contract fraud and foul play." (Id. ¶ 46.)

Pursuant to the signed release, Defendant terminated his employment, and his Visa was revoked. (Id. ¶¶ 48, 59.) In October 2013, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"); the EEOC, apparently relying on the signed release, dismissed his complaint. (Id. ¶¶ 47, 51-54.) He also filed a lawsuit against Zerbe, among others, on October 9, 2013, bringing claims against arising out of similar allegations concerning his signing of the release agreement. See Nayak v. GCA Law Firm, et al., No. 1:13-cv-2533. On May 19, 2014, Judge Caldwell dismissed that case with prejudice.[2]

On June 2, 2014, Plaintiff filed the complaint in this action, bringing eights counts against Defendant: (1) racial discrimination and harassment pursuant to Title VII; (2) hostile work environment pursuant to Title VII; (3) retaliation pursuant to Title VII; (4) breach of contract; (5) fraud; (6) wrongful termination; (7) civil conspiracy; and (8) intentional infliction of emotional distress. (Doc. No. 1.) He also filed a motion to set aside the release agreement. (Doc. No. 7.) On July 7, 2014, Defendant filed a motion to dismiss. (Doc. No. 14.) Thereafter, on August 11, 2014, Plaintiff additionally filed a motion for leave to file an amended complaint to add new claims (Doc. No. 28); he attached a proposed amended complaint to his motion (Doc.

---

[2] This ruling formed the basis of Plaintiff's motion to "temporarily set aside or disregard the opinion ruled in Nayak v. GCA Law Firm, et al.," No. 1:13-cv-2533. Magistrate Judge Schwab recommends that the Court deny this motion as "lacking any apparent legal basis," and Plaintiff has not objected to this recommendation. (See Doc. No. 48.) The Court finds no legal error in Magistrate Judge Schwab's recommendation, and the Court will deny that motion.

No. 28-1). On October 22, 2014, Magistrate Judge Schwab filed a Report and Recommendation in which she recommends in relevant part that the Court (1) grant Defendant's motion to dismiss in part and dismiss all of Plaintiff's claims without prejudice, preserving only his intentional infliction of emotional distress claims, and (2) deny Plaintiff's motion to set aside the agreement, providing Plaintiff an opportunity to amend his complaint to plausibly show that the signed release should be invalidated. (Doc. No. 48.) On November 5, 2014, Plaintiff filed objections to the Report and Recommendation. (Doc. No. 49.) He also filed motions (1) for a hearing (Doc. No. 50), (2) for the recusal of Magistrate Judge Schwab (Doc. No. 51), and (3) to appoint him counsel (Doc. No. 60). The Court will address Magistrate Judge Schwab's Report and Recommendation and Plaintiff's additional motions in turn.

## II. LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

## III. DISCUSSION

### A. Motion to dismiss

#### 1. Title VII claims/ wrongful termination

Magistrate Judge Schwab first recommends that the Court dismiss Plaintiff's Title VII and state law wrongful termination claims on the grounds that such claims are foreclosed by the release signed by Plaintiff, and because he has not alleged sufficient facts that would support this Court ruling the release invalid. (Doc. No. 48 at 11-17.) Magistrate Judge Schwab further recommends that such claims be dismissed without prejudice, providing Plaintiff an opportunity to amend his complaint to include allegations that plausibly show that the signed release be

invalidated. (Id. at 27.) Plaintiff filed no specific objections[3] to her findings regarding the validity of the release, but on March 2, 2015, while the Report and Recommendation was pending before this Court, Plaintiff filed a second, new motion to invalidate the release agreement, which the Court will refer back to Magistrate Judge Schwab for consideration, along with any amended complaint Plaintiff may wish to file.[4] (See Doc. No. 61.) Because the Court finds no legal error in Magistrate Judge Schwab's recommendation, it will adopt her recommendation and dismiss the Title VII and wrongful termination claims without prejudice.[5]

**2. Breach of contract**[6]

---

[3] As Defendant points out, Plaintiff does state in his objections that he "was not in his best capacity of mind" at the time he signed his agreement. Without addressing whether or not such an allegation is sufficient to invalidate the release, such an allegation is not present in his complaint, and is therefore not before the Court at this time. See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (Citation omitted)

[4] To the extent that Plaintiff's objection to the recommendation that his fraud claim be dismissed may be construed as an objection to the recommendation that he has not alleged sufficient facts to support the invalidation of the release, the Court addresses the merits of his fraud claim in Section III.A.4, infra.

[5] For these reasons, the Court will also deny Plaintiff's first motion to invalidate the release agreement. (Doc. No. 7.)

[6] Plaintiff also repeatedly suggests that the Court cannot dismiss his complaint at this time, owing to his pro se status, and that the Court "should prioritize the rule of justice." (See Doc. No. 49 at 4, 11.) For example, he writes that "as per the guidelines of the United States Supreme Court, the claims brought by a pro se litigant cannot be dismissed in the pleading stage unless the claim is clearly frivolous." (Doc. No. 49.) Although a pro se complaint must be "construed liberally," Haines v. Kerner, 404 U.S. 519, 520 (1972), a pro se plaintiff "must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure." Smith v. Social Security Administration, 54 F.Supp. 2d 451, 454 (E.D. Pa.1999) (citation omitted); see McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). In his complaint, Plaintiff still must plead a short and plain statements of the claim entitling him to relief. See Fed R. Civ. P. 8.

Magistrate Judge Schwab recommends that the Court dismiss Plaintiff's breach of contract claims without prejudice. (Doc. No. 48.) She classifies Plaintiff's breach of contract claim into two theories: (1) a breach of the promise to provide employment until September 2015, and (2) breach of the promise to file for his permanent residency. (Id. at 17.) She recommends that the Court finds that Plaintiff has not alleged facts showing a valid contract giving rise to a breach of contract claim, and that Plaintiff has not alleged facts to overcome the at-will employment presumption under Pennsylvania law. (Id. at 18-19.) She further concludes that any breach of contract claim was extinguished when Plaintiff signed the release terminating his employment. (Id.) Plaintiff objects on the grounds that Magistrate Judge Schwab addressed only his claim pertaining to the promise to file for permanent residency, and that she failed to address his claim to the extent that it is premised on alleged promises to employ him until September 2015. (Doc. No. 49 at 2.)

The Court will overrule Plaintiff's objection. Contrary to Plaintiff's assertion, although Magistrate Judge Schwab addresses his claim based on the promise to file for permanent residency in more detail, she also addressed the issue of his employment term when she concluded that Plaintiff had not averred facts sufficient to overcome Pennsylvania's at-will presumption. "Pennsylvania presumes employment to be at-will and as such, either an employer or employee may terminate employment at any time, for any or no reason, absent a statute or contract to the contrary. Koller v. Riley Riper Hollin & Colagreco, 850 F. Supp. 2d 502, 519 (E.D. Pa. 2012). Pennsylvania's at-will presumption "is necessary to prevent baseless assertions of oral employment contracts for a definite term. Scully v. US WATS, Inc., 238 F.3d 497, 505 (3d Cir. 2001). To rebut the at-will presumption by showing an express agreement, the plaintiff

must present "clear and precise evidence of an oral employment contract for a definite term." Id. at 505. "Evidence of a subjective expectation of a guaranteed employment period . . . is insufficient." Id.

The Court finds that Plaintiff's bare allegation of a promise that his employment would run until September 2015 are insufficient to overcome this presumption. Additionally, although Plaintiff attaches some documents (see Doc. No. 1 at 48-55) that he believes show the existence of a contract between the parties for a definite term of employment – documents that seem to mostly pertain to his application for a Visa, including a "Labor Condition Application" form sent to the Department of Labor – none of them are in fact contracts between the parties, and the Court finds that they are insufficient to indicate that Defendants intended to offer Plaintiff a definite term of employment, thereby overcoming the presumption of at-will employment. See Raines v. Haverford Coll., 849 F. Supp. 1009, 1011-12 (E.D. Pa. 1994) (citing Ruzicki v. Catholic Cemeteries, Inc., 610 A.2d 495, 497 (Pa. Super. Ct. 1992)) ("In order for the presumption of employment-at-will to be overcome, there must be either an express contract between the parties, or an implied in-fact contract plus additional consideration passing from the employee to the employer from which the court can infer the parties intended to overcome the at-will presumption."); see also Scott v. Extracorporeal, Inc., 545 A.2d 334, 338 (Pa. Super. 1988) ("Great clarity is necessary to contract away the at-will presumption.") Accordingly, the Court will adopt Magistrate Judge Schwab's recommendation, and finds that Plaintiff has not averred facts sufficient to overcome Pennsylvania's at-will employment presumption.

Moreover, as Magistrate Judge Schwab noted, the foregoing discussion is irrelevant inasmuch as the breach of contract claim is also subject to dismissal because Plaintiff signed and

executed a release terminating his employment, thereby superseding any prior existing agreements concerning the terms of his employment. (See Doc. No. 48 at 18-19.) As the Court has already found, there are no grounds at this time for the Court to rule that the release is invalid. Therefore, Plaintiff's breach of contract claim will dismissed on this ground as well. The Court emphasizes to Plaintiff that this dismissal is without prejudice, and Plaintiff is advised to plead sufficient facts from which the Court can conclude that it should find the signed release invalid.

**3. Conspiracy**

Magistrate Judge Schwab also recommends that the Court dismiss Plaintiff's claim that Defendant engaged in civil conspiracy with his then-attorney Zerbe. (Doc. No. 48.) Magistrate Judge Schwab concludes that Plaintiff's conspiracy allegations are "purely speculative" and fail to plausibly show the existence of any conspiracy. (Id. at 14 n.6.) Plaintiff objects on the ground that he has alleged adequate facts in support of his conspiracy claim. (Doc. No. 49 at 4-7.)

The Court will overrule Plaintiff's objection. The elements of a civil conspiracy claim under Pennsylvania state law are: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage." Williams v. W. Wayne Sch. Dist., No. 12-2074, 2013 WL 4718920, at *8 (M.D. Pa. Sept. 3, 2013) (quoting Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. Ct. 2008)). The Court finds that Plaintiff's allegations are lacking in specific facts that support his claim of conspiracy, and the few specific facts he does plead – such as that Defendant replaced its

attorney with one who is a "close friend" of Zerbe – fall far short of lending his conspiracy allegations facial plausibility. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Rather, his complaint, liberally construed, merely sets forth that Defendant negotiated with Plaintiff's attorney over the terms of the release, and the Court will not credit Plaintiff's conclusory allegations of conspiracy. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)

Plaintiff also objects on the ground that Magistrate Judge Schwab overlooked evidence that supports his claim that Defendant bribed Zerbe, thereby supporting his conspiracy claims. (Doc. No. 49.) However, Plaintiff's only allegation of "bribery" is that the release signed by Plaintiff called for $10,000 in payment to Zerbe to cover her fees in representing him, a payment which Plaintiff consistently refers to as a "bribe." However, the Plaintiff avers no facts from which the Court can conclude that this money was somehow improperly transferred. In his objections, Plaintiff lists new facts that he insists support his bribery allegation, including but not limited to the fact that Defendant paid its money directly to Zerbe's firm without "providing any information of such payment to Plaintiff." (Doc. No. 49 at 9-10.) In addition to the fact that Plaintiff fails to adequately explain precisely how these facts support his claims of bribery and conspiracy, none of these facts is alleged in his complaint, and therefore cannot be considered by this Court in addressing Defendant's motion to dismiss. See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). The Court thus agrees with Magistrate Judge Schwab that "based on the allegations in [Plaintiff's] complaint, the only reasonable inference that can be made is that [Plaintiff] received the benefit of Zerbe's legal representation absent any bribes [from Defendant]." Accordingly, the Court will adopt of recommendation of Magistrate

Judge Schwab, and will dismiss Plaintiff's civil conspiracy claim without prejudice.

**4. Fraud**

Magistrate Judge Schwab recommends that the Court dismiss Plaintiff's fraud claim. (Doc. No. 48.) Specifically, she concludes that Plaintiff's "allegations of fraud are aimed solely at [his attorney] Zerbe's conduct," and thereby do not set forth that Defendant or any of its agents committed fraud. (Id. at 15, 19-20.) Plaintiff objects on the grounds that he has adequately alleged that Zerbe was working "in the interest of" and "on behalf of" Defendant. (Doc. No. 49 at 7-9.) He concludes that Zerbe "was [Defendant's] agent in disguise of Plaintiff's attorney." (Id.)

The Court will overrule Plaintiff's objection. "[T]o establish common law fraud, a plaintiff must prove: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." Hunt v. U.S. Tobacco Co., 538 F.3d 217, 225 n.13 (3d Cir. 2008) (quoting Colaizzi v. Beck, 895 A.2d 36, 39 (Pa. Super. Ct. 2006)). The Court agrees with Magistrate Judge Schwab that all of Defendant's specific factual allegations pertaining to fraud relate to the alleged conduct of his attorney in getting him to sign the release. Regarding Defendant, Plaintiff raises only conclusory averments that Defendants conspired with his attorney in defrauding him, averments which this Court finds legally insufficient, as discussed above in Section III.A.3, supra. See Federico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (noting that fraud claims fall under Federal Rule of Civil Procedure 9(b), and must be pled with "particularity," requiring that a plaintiff "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure

of substantiation into a fraud allegation"). The Court thus finds that Plaintiff has failed to plead facts plausibly setting forth that Defendant committed fraud.

Plaintiff also argues in his objections that Defendant's representative signed two different releases – dated May 2, 2013, and May 10, 2013 – and that this indicates that Defendant was involved with the alleged fraud. (Doc. No. 1 at 33-46, Doc. No. 49 at 7-9.) However, Plaintiff fails to adequately explain to the Court how this evinces fraud – indeed, it appears the multiple signed documents represents the multiple versions of the complaint that were produced as a result of the parties' then-ongoing negotiation over the terms of the release. (See Doc. No. 1 at 6-7, Doc. No. 54 at 14.) Plaintiff acknowledges in his complaint that the May 2, 2013 proposed release, which Plaintiff did not sign, was an initial proposal that he rejected. (See Doc. No. 1 at 2.) Accordingly, the Court will adopt the recommendation of Magistrate Judge Schwab, and will dismiss the fraud claim without prejudice.[7]

**6. Intentional infliction of emotional distress**

Magistrate Judge Schwab also recommends that the Court not dismiss Plaintiff's claims for intentional infliction of emotional distress, concluding that the factual allegations in his complaint adequately set forth the elements of such a claim. (Doc. No. 48 at 20-23.) No specific objections were filed to this recommendation, and the Court finds no legal error in her recommendation. Accordingly, the Court will adopt the recommendation of Magistrate Judge

[7] Plaintiff also repeatedly argues in his objections that Magistrate Judge Schwab failed to understand the facts of his case (Doc. No. 49 13-14), an argument Plaintiff re-raises his motion for her recusal. The Court finds this argument without merit. The Court has reviewed all the relevant documents in this case, and finds that Magistrate Judge Schwab applied the appropriate law to the facts alleged in Plaintiff's complaint, and this Court reaches the same conclusions as she did regarding the meritoriousness of Plaintiff's claims.

Schwab, and will not dismiss Plaintiff's intentional infliction of emotional distress claim.

**B. Motion for leave to file an amended complaint**

On August 8, 2014, Plaintiff filed a motion for leave to file an amended complaint, and attached his proposed amended complaint. (Doc. Nos. 28, 28-1.) Magistrate Judge Schwab recommends that the Court deny this motion because, although Plaintiff should be granted an opportunity to amend his complaint, his proposed amended complaint, which pre-dates her Report and Recommendation, (1) fails to remedy the pleading deficiencies she identified, such as his failure to plead facts establishing that the signed release should be invalidated, and his failure to plead adequate facts establishing the elements of his state law claims and (2) seeks to bring new claims pursuant to federal and state statutes that do not provide for a private cause of action, such as federal criminal statutes. (Doc. No. 48 at 23-27.) Plaintiff filed no specific objections to this recommendation, and the Court finds no error of law in Magistrate Judge Schwab's recommendation.[8] Accordingly, the Court will adopt the recommendation and deny the motion to file his amended complaint of August 8, 2014. Although Plaintiff may file an amended complaint consistent with this memorandum, the Court rejects his proposed amended complaint (Doc. No. 28-1). As this Court has now highlighted the deficiencies in his pleading through this order and Magistrate Judge Schwab's thorough Report and Recommendation, he is better positioned to remedy those defects in a new pleading.

**C. Motion for oral argument**

---

[8] Because Plaintiff filed his proposed amended complaint over twenty-one days after Defendant served its motion to dismiss in this case, he may only amend his complaint with leave of Court. <u>See</u> Fed. R. Civ. P. 15(a).

On November 6, 2014, following the filing of Magistrate Judge Schwab's Report and Recommendation, Plaintiff filed a "motion for oral argument and [to] set a hearing date." (Doc. No. 50.) Plaintiff asserts that, as he is proceeding pro se and is not an attorney, he has difficulty presenting his arguments in writing, and he believes he can better state his case verbally; he expresses these concerns in both his motion and in his objections to Magistrate Judge's Report and Recommendation. (Doc. Nos. 49, 50, 55.) Because he is currently in India, Plaintiff also requests that the Court order Defendant to pay for his air travel to the hearing; Plaintiff estimates that his air fair would cost approximately $2,000. (Doc. No. 50 at 3.) Plaintiff further suggests that the denial of a hearing in this case would violate his right to due process. (Doc. Nos. 50 at 2, 55 at 2.) Plaintiff also repeatedly urged in his objections to Magistrate Judge Schwab's Report and Recommendation that he believes he is entitled to a hearing on this matter. (See, e.g., Doc. No. 49 at 13-4.)

The Court will deny the motion and will not schedule a hearing in this case. Contrary to Plaintiff's assertion, whether or not to hold oral argument on a motion is a question left to the Court's discretion. See M.D. Pa. L.R. 7.9; see also Fed. R. Civ. P. 78(b). The Court can locate no authority for the proposition that declining to hold a hearing on Plaintiff's motion to dismiss is violative of due process. Rather, the Court may, in its discretion, schedule oral argument if it believes it would be beneficial to the Court's prompt and accurate consideration of the motion. See Heim v. Dauphin Cnty. Prison, No. 10-1656, 2011 WL 3425638, at *1 (M.D. Pa. Aug. 4, 2011). However, the Court finds that such a hearing would not be beneficial. Plaintiff's briefs clearly set forth his opposition to Defendants' motion, and no further clarity is necessary in order for the Court to rule on the motion. Although Plaintiff is concerned about his ability to brief his

arguments, the Court is not dismissing any of Plaintiff's claims because of deficiencies in Plaintiff's brief; rather, it is dismissing those claims because of deficiencies in his complaint, a problem which Plaintiff cannot remedy through a hearing on Defendant's motion to dismiss. See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). More importantly, any benefit to the Court that might result from such a hearing are greatly outweighed by the costs of such a hearing; namely, Plaintiff's request that Defendants shoulder the significant expenses of Plaintiff's travel from India in order to attend such a hearing. Contrary to Plaintiff's assertion, the Court does not find that assessing such costs against the Defendant is reasonable. (See Doc. No. 55 at 4.) Under the circumstances, the Court finds that oral argument is unnecessary and will deny the motion.

**D. Motion for the recusal of Magistrate Judge Schwab**

Plaintiff also filed a motion addressed to this Court "to recuse the Honorable Magistrate Judge from this case." (Doc. No. 51.) The Court construes Plaintiff's motion as a request for this Court to disqualify Magistrate Judge Schwab.[9] Although the Court is not clear whether it has the authority to disqualify Magistrate Judge Schwab, the Magistrate Act does provide that, under "extraordinary circumstances . . . vacate a reference of a civil matter to a magistrate judge." 28 U.S.C. § 636(c)(4). Plaintiff argues that Magistrate Judge Schwab's Report and Recommendation contains multiple factual errors and misrepresentations, and that her recommendation to dismiss the claim without an opportunity to present witnesses at a hearing is

---

[9] The Court notes that Plaintiff filed a similar motion with Judge Schwab in a related case, and premised his motion for recusal on the same grounds as here – that the conclusions and findings in her Report and Recommendation in this case indicate prejudice toward Plaintiff. (No. 14-2211, Doc. No. 14.) Magistrate Judge Schwab declined to recuse herself. (Id., Doc. No. 19.)

a violation of due process. (Id.) Plaintiff concludes that Magistrate Judge Schwab has perceived the facts "in a way that would best result in the dismissal of Plaintiff's claims at the pleading stage" and concludes that she is prejudiced against him. (Id.)

The Court will not disqualify Magistrate Judge Schwab. 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge shall also recuse where she "has a personal bias or prejudice concerning a party." 29 U.S.C. § 455(b)(1). However, "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000). "Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible." Conklin v. Warrington Twp., 476 F. Supp. 2d 458, 463 (M.D. Pa. 2007) (citing Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir. 1995)). All of Plaintiff's allegations of prejudice concern Magistrate Judge Schwab's disposition of the claims before the Court, and there are no factual allegations of prejudice beyond his dissatisfaction with her orders. Moreover, although not grounds for disqualification, his attacks on Magistrate Judge Schwab's Report and Recommendation are misplaced; the Court has already found that her recommendations are sound and supported by the filings in this case. Accordingly, the Court will deny the motion.[10]

---

[10] Plaintiff may be seeking recusal under U.S.C. § 144, which provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . ." 28 U.S.C. § 144. However, conclusory statements and opinions in the affidavit need not be credited. United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989). Plaintiff included an affidavit of prejudice; however, its allegations are entirely conclusory: "Sandeep Nayak having been first duly sworn,

**E. Motion to appoint counsel**

On February 2, 2015, Plaintiff filed a motion to appoint counsel. (Doc. No. 60.) He also renewed his request for a hearing. (Id.) For the reasons discussed above, the Court will not grant Plaintiff a hearing concerning the motion to dismiss. The Court will also deny Plaintiff's request for counsel.

Indigent litigants have no constitutional or statutory right to the appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Appointment of counsel in such circumstances is left to the sound discretion of the courts. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993) (finding that § 1915(e) "gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case-basis"). The first factor for courts to consider when appointing counsel is whether a case has arguable merit. Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 153). In those cases in which a court determines a claim does have some merit, the Third Circuit has identified a non-exhaustive list of factors that a court should consider in determining whether to appoint counsel, namely:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issue;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

---

deposes and states that he is the plaintiff herein, that he has good reason to believe, and does believe and so states that because of bias and prejudice on the part of Judge Susan E Schwab in this case, a fair trial and hearing in this case is not possible . . . ." (Doc. No. 58.)

> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Id. (citing Tabron, 6 F.3d at 155-56, 157 n.5).

Plaintiff has already filed one motion for counsel (Doc. No. 13), which Magistrate Judge Schwab denied without prejudice upon applying the above factors (Doc. No. 19). Magistrate Judge Schwab's initial order is persuasive and the Court and that the factors still weigh against appointment of counsel, as this case has still not progressed beyond the pleading stages. Until Plaintiff amends his complaint, it is unclear whether the majority of his claims have any merit, but he has thus far not established that he will be able to successfully challenge the validity of the signed release. Moreover, Plaintiff continues to show an ability to present his case by filing lengthy documents with the Court with case citations. Considering his ability to prepare briefs and submit attachments including earlier state court decisions on this matter, the Court finds that appointment of counsel would have little benefit to Petitioner or to the court at this time. Additionally, the case is not yet proceeding to discovery, as the Court anticipates that Plaintiff will file an amended complaint, the legal issues presented are not overly complex and the likelihood of testimony by expert witnesses is unlikely. Accordingly, the Court will deny Plaintiff's motion for counsel without prejudice. As before, Plaintiff may renew his request for counsel as the case progresses.

## IV. CONCLUSION

The Court will adopt the Report and Recommendation of Magistrate Judge Schwab, and dismiss all of Plaintiff's claims without prejudice, save his claim for intentional infliction of

emotional distress, which the Court will not dismiss. Plaintiff may file an amended complaint consistent with this memorandum within 21 days of the date of this order. The Court will also deny his motions (1) to invalidate the signed release, (2) to file his amended complaint of August 8, 2014, (3) "to temporarily set aside or disregard" Judge Caldwell's opinion in Nayak v. GCA Law Firm; (4) to schedule an oral argument, (5) to order the recusal of Magistrate Judge Schwab, and (6) to appoint counsel. An order consistent with this memorandum follows.