IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDEEP NAYAK, | : | |
|     Plaintiff | : | No. 1:14-cv-1053 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| VOITH TURBO, INC. et al., | : | (Magistrate Judge Schwab) |
|     Defendants | : | |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Schwab, recommending that the Court grant in part Defendants' motion to dismiss. (Doc. No. 104.) Upon review of the Report and Recommendation and Plaintiff's objections thereto, the Court will adopt Magistrate Judge Schwab's Report and Recommendation in its entirety.

**I.    BACKGROUND**

This case originated in 2012 when Plaintiff worked as a sales manager at Voith Turbo, Inc. ("Voith") in York, Pennsylvania. (Doc. Nos. 132 ¶¶ 1-4; 132-2 at 20.) Plaintiff alleges that Defendants and co-workers Matthew Herbison, Paul Barlow, Jason Hoffman, and Bradley Martin harassed, assaulted, and intimidated Plaintiff because of his nationality and skin color. (See Doc. No. 132 ¶¶ 1-5, 7-8, 12, 14-15, 17, 29-30, 34.) On June 2, 2014, Plaintiff filed a complaint, bringing seven counts including claims of racial discrimination and retaliation against Defendants. (Id.) Plaintiff also separately filed suit against Voith on June 2, 2014, bringing eight counts including claims of breach of contract and racial discrimination against the corporation.

Specifically, Plaintiff's complaint raises the following claims against Defendants Herbison, Barlow, Hoffman, and Martin: (1) Count I - racial discrimination, in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA"), against Herbison, Hoffman, and

1

Martin; (2) Count II - retaliation, in violation of Title VII and the PHRA, against all defendants; (3) Count III - hostile-work environment, in violation of Title VII and the PHRA, against Herbison, Hoffman, and Barlow; (4) Count IV - common law assault against Herbison, Hoffman, and Barlow; (5) Count V - common law battery against Barlow; (6) Count VI - intentional infliction of emotional distress against Herbison, Hoffman, and Barlow; and (7) Count VII - ethnic intimidation, in violation of state law, against Herbison, Hoffman, and Barlow. (See Doc. No. 132.)

Thereafter, on February 2, 2015, Defendants filed a motion to dismiss all seven counts pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 127.) On May 26, 2015, while Defendants' motion to dismiss was pending, Magistrate Judge Schwab consolidated this action with Plaintiff's lawsuit against Voith pursuant to Federal Rule of Civil Procedure 42(a). (Doc. No. 88.) On June 4, 2015, Magistrate Judge Schwab issued her Report and Recommendation, in which she recommends that this Court (1) deny Defendants' motion to dismiss "to the extent that [Plaintiff] has stated a state-law claim for battery against Barlow" and (2) grant Defendants' motion to dismiss in all other respects. (Doc. No. 104.) Plaintiff filed his objections to Magistrate Judge Schwab's Report and Recommendation on June 18, 2015. (Doc. No. 107.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556). A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).[1]

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

**III. DISCUSSION**

    **A. Retaliation Claim**

Magistrate Judge Schwab first recommends that this Court dismiss Plaintiffs' Title VII and PHRA claims for retaliation against Defendants because (1) an individual employee cannot be liable for retaliation under Title VII, and (2) Plaintiff's "PHRA claims fail because he did not exhaust his administrative remedies."[2] (Doc. No. 104 at 10, 13.) Plaintiff objects on the grounds that he "did not bypass the administrative process" and that the EEOC failed to "respond properly." (Id. at 7.) Plaintiff's objection is unpersuasive.

"To bring suit under the PHRA, an administrative complaint must first be filed with" the Pennsylvania Human Relations Commission ("PHRC") within "180 days of the alleged act of discrimination." Mandel v. M & Q Packaging Corp., 706 F.3d 157, 164 (3d Cir. 2013) (citing 43 Pa. Stat. § 959(h)). Pennsylvania claimants may also dual-file an administrative charge with the EEOC and the PHRC. See Mandel, 706 F.3d at 164-65; Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997). However, when electing to dual file, the claimant must still indicate "a request to dual file with the PHRC" on the formal EEOC charge "within the 180 day mandatory filing period." Hatten v. Bay Valley Foods, LLC, No. 11-1122, 2012 WL 1328287, at *3 (W.D. Pa. Apr. 17, 2012); see Mandel, 706 F.3d at 164-65 (internal citations omitted); Woodson, 109 F.3d at 927.

Here, Plaintiff has not alleged that he filed an administrative complaint with the PHRC or that he requested to dual file with the PHRC when he contacted the EEOC. (Doc. Nos. 107 at 6-7; 129 at 10-11.) In fact, Plaintiff stated in his opposition brief to Defendants' motion to dismiss

---

    [2] Magistrate Judge Schwab notes in her Report and Recommendation that "we will not foreclose [Plaintiff] from having the opportunity to plausibly allege" that his request for dual filing was timely "in an amended complaint, should he properly request to do so." (Doc. No. 104 at 13 n.5.)

4

that "he was and is unaware of any procedural rules that require filing of a PHRA complaint." (Doc. No. 44 at 10.) Similarly, in his objections to the Report and Recommendation, Plaintiff concedes that he "unknowingly deviated from properly filing [a] PHRA claim." (Doc. No. 107 at 3.) Accordingly, the Court agrees with Magistrate Judge Schwab that Plaintiff's PHRA claim for retaliation should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. Phillips v. Sheraton Soc'y Hill, 163 F. App'x 93, 94 (3d Cir. 2005).[3]

### B. Intentional Infliction of Emotional Distress ("IIED") Claim

Magistrate Judge Schwab also recommends that the Court dismiss Plaintiff's IIED claim against Defendants Herbison, Hoffman, and Barlow because Plaintiff fails to adequately allege an IIED claim. (Doc. No. 104 at 18-19.) Plaintiff objects on the ground that the complaint "clearly" alleges "outrageous and intolerable" conduct. (See Doc. No. 107 at 7-9.) Plaintiff's objection is unpersuasive.

The Pennsylvania Supreme Court has called intentional infliction of emotional distress a "most limited" tort, Hoy v. Angelone, 720 A.2d 745, 755 (Pa. 1998), and there is still some question as to whether Pennsylvania recognizes it as a valid cause of action. Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000); Bock v. CVS Pharmacy, Inc., No. 07-412,

---

[3] Magistrate Judge Schwab similarly recommends that this Court dismiss Plaintiff's PHRA claims for "racial discrimination" and "hostile work environment" because Plaintiff failed to adequately allege that he exhausted his administrative remedies. (Doc. No. 104 at 10, 13.) Plaintiff objects that Magistrate Judge Schwab's recommendation is a "direct violation of natural justice" because district courts "[have] an obligation to refrain from being bogged down by technicalities at the expense of substantive justice." (Doc. No. 107 at 2-5.) Plaintiff's objection is unpersuasive. "The purpose of requiring exhaustion is to afford … the PHRC[] the opportunity to settle disputes through conference, conciliation, and persuasion, thereby avoiding unnecessary action in court." Binder v. PPL Servs. Corp., No. 06-2977, 2009 WL 3738569, at *7 (E.D. Pa. Nov. 5, 2009); accord Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). Accordingly, as discussed above, the Court finds that Magistrate Judge Schwab correctly applied governing law in reaching her conclusion.

2008 WL 3834266, at *2 (E.D. Pa. Aug. 14, 2008). However, where Pennsylvania's lower courts have recognized an IIED cause of action, the relevant conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."[4] See Hoy, 720 A.2d at 754 (internal citations omitted). Consequently, it is "extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) ("[T]he only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in both sexual harassment and other retaliatory behavior against an employee.").

Here, Plaintiff points to four allegations in the complaint to support his IIED claim: (1) Defendant Barlow banging his hand and yelling "this is no fucking retaliation;" (2) Defendant Barlow grabbing Plaintiff by the shirt cuff at work; (3) Barlow shoving Plaintiff by the shoulder and twice hitting Plaintiff on the neck; and (4) Defendant Hoffman pointing a gun at Plaintiff at work. (See Doc. No. 132 ¶¶ 6-7, 29-31; Doc. No. 107 at 8-9.) With regards the fourth incident, Defendant Hoffman and Plaintiff allegedly shopped for a gun at Walmart during their lunch break, and Defendant Hoffman later stated, while pointing the gun at Plaintiff, that he "need[ed] the gun to keep [Plaintiff] away." (See Doc. No. 132 at ¶¶ 6-7.)

The conduct alleged in Plaintiff's complaint, even regarded in the light most favorable to Plaintiff, does not rise to the requisite level of "outrageousness" to support an IIED claim under

---

[4] "The standard is high to prevent recourse to the courts in instances of mere bad manners, 'insult, indignity, annoyance or even threats where the case is lacking in other circumstances of aggravation.'" Kazatsky v. King David Mem'l Park, Inc., 527 A.2d 988, 996 (Pa. 1987).

Pennsylvania law.  See, e.g., Cox, 861 F.2d at 395 (applying Pennsylvania law); Rorrer v. Cleveland Steel Container, 712 F. Supp. 2d 422, 439 (E.D. Pa. 2010) ("Push[ing] a utility knife into [female employee's] breast" not sufficient "to support a claim for intentional infliction of emotional distress"); Hoy, 720 A.2d at 754-55 (finding workplace harassment involving sexual propositions, physical contact, frequent profanity, and "posting of a sexually suggestive picture" not sufficiently outrageous to support an IIED claim).  Accordingly, the Court agrees with Magistrate Judge Schwab's recommendation that Plaintiff's claim for intentional infliction of emotional distress should be dismissed for failure to state a claim.[5]

    **C.**    **Leave to Amend Complaint**

Plaintiff's also objects that Magistrate Judge Schwab erred by not granting Plaintiff "leave to file a curative complaint to amend the claims that are recommended to be dismissed without prejudice."  (Doc. No. 107 at 9-10.)  However, the relief Plaintiff requests is available to him should the Court adopt Magistrate Judge Schwab's Report and Recommendation.  The United States Court of Appeals for the Third Circuit has held that, "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Accordingly, Plaintiff may seek leave to file an amended complaint in accordance with the local rules and Federal Rule of Civil Procedure 15(a).

---

[5] The Court recognizes that this finding may appear inconsistent with the Court's April 9, 2015 memorandum, adopting Magistrate Judge Schwab's finding that Plaintiff adequately alleged an IIED claim against Voith in Nayak v. Voith Turbo, Inc.  (Compare Doc. No. 104, with Doc. Nos. 48; 73 at 13-14; 74.)  However, as Magistrate Judge Schwab noted in her August 26, 2015 order, "consolidation under Fed.R.Civ.P. 42 does not render rulings in one case applicable to a consolidated action." Rodriguez v. Passinault, 637 F.3d 675, 689 (6th Cir. 2011); see Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999); In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999) amended, 199 F.3d 158 (3d Cir. 2000) (quoting Johnson v. Manhattan R. Co., 289 U.S. 479, 497 (1933).

## IV.     DISCUSSION

For the foregoing reasons, the Court will adopt the Report and Recommendation, and Defendant's motion to dismiss is granted in part and denied in part. An order consistent with this memorandum follows.