IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDEEP NAYAK, | : | |
|     Plaintiff | : | No. 1:14-cv-1053 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| VOITH TURBO, INC., <u>et al.</u>, | : | (Chief Magistrate Judge Schwab) |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court in the above-captioned action are Chief Magistrate Judge Schwab's July 19, 2017 Report and Recommendation (Doc. No. 166), recommending that the Court grant Defendant Voith Turbo, Inc.'s ("Voith") motion to dismiss Plaintiff Sandeep Nayak's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 92), and Plaintiff's objections to Chief Magistrate Judge Schwab's Report and Recommendation (Doc. No. 181). Additionally before the Court is Plaintiff's objection (Doc. No. 182), to Chief Magistrate Judge Schwab's Order entered concurrently with the Report and Recommendation (Doc. No. 164), denying Plaintiff's motion for leave to file a first amended complaint as futile (Doc. No. 137).

This lawsuit arises from Plaintiff's employment as a sales manager for Voith in York, Pennsylvania.[1] Given the long and complex procedural posture of this case, and the parties'

---

[1] The Court notes that Plaintiff filed a total of four separate civil actions in this Court arising out of the circumstances of his employment with Voith. In addition to the instant action, Plaintiff initiated civil action number 1:14-cv-2211, asserting claims against Matthew Herbison, Paul T. Barlow, Jason Hoffman, and J. Bradley Martin, which was ultimately consolidated into this case. Plaintiff also sued his former counsel – the CGA Law Firm and Anne E. Zerbe, Esq. – in <u>Nayak v. CGA Law Firm</u>, No. 1:13-cv-2533, an action that was ultimately dismissed by Judge

1

accompanying familiarity with the allegations underlying it, and in light of Chief Magistrate Judge Schwab's extensive discussion of the factual and procedural background of Plaintiff's claims in her July 19, 2017 Report and Recommendation, the Court limits its discussion here to Plaintiff's objections to Chief Magistrate Judge Schwab's Report and Recommendation and corresponding Order.

In his objections to Chief Magistrate Judge Schwab's Report and Recommendation, which recommends granting Defendant Voith's motion to dismiss Plaintiff's claims against it as barred by the Release executed by Plaintiff, Plaintiff generally objects to Chief Magistrate Judge Schwab's recitation of the facts alleged in the amended complaint, or what he characterizes as her omission or disregard of certain facts and failure to consider reasonable inferences that he maintains can be drawn from the facts alleged. (Doc. No. 181 at 3-13.) Plaintiff also objects to Chief Magistrate Judge Schwab's dismissal of his claims asserted under state law. (Id. at 13.)

The Magistrate Act, 28 U.S.C. § 636 et seq., and Rule 72(b) of the Federal Rules of Civil Procedure provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which an objection is made. 28 U.S.C. § 636(b)(1). The written objections must "specifically identify the portions of the proposed findings, recommendations or

---

Caldwell. See Nayak, No. 1:13-cv-2533, 2014 WL 2042165, at *3 (M.D. Pa. May 19, 2014), aff'd, 620 F. App'x 90, 91 (3d Cir. 2015). Moreover, Plaintiff filed civil action number 1:15-cv-933, asserting claims against the CGA Law Firm and Zerbe, as well as Voith's counsel, McNees Wallace & Nurick LLC and Brian F. Jackson, Esq., which was dismissed by the undersigned on November 30, 2016. See Nayak v. McNees Wallace & Nurick LLC, No. 1:15-cv-933, 2016 WL 6995485, at *2 (M.D. Pa. Nov. 30, 2016). Plaintiff's appeal of that dismissal remains pending before the Third Circuit.

report to which objection is made and the basis for such objections." L.R. 72.3.

Informed by the standards governing the Court's review of a Report and Recommendation to which objections have been made, and having considered Plaintiff's objections, and Chief Magistrate Judge Schwab's Report and Recommendation, the Court finds Plaintiff's objections to be without merit. Chief Magistrate Judge Schwab thoroughly considered all potentially relevant factual allegations in Plaintiff's amended complaint in determining that Plaintiff has not alleged, and indeed, cannot allege, any facts which, if proven, would invalidate the Release executed by Plaintiff. As Defendant Voith correctly notes, the omitted facts or inferences about which Plaintiff complains amount to no more than unsupported conclusory allegations that the Court need not accept as true when considering a motion to dismiss. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (stating that in considering a motion to dismiss, a court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth'") (citation omitted). As to Chief Magistrate Judge Schwab's recommendation to dismiss all claims asserted against Voith, including claims asserted pursuant to state law, the Court similarly finds Plaintiff's objection to be meritless, as the Release unambiguously applies to all claims, including state law claims.

With regard to Plaintiff's objection to Chief Magistrate Judge Schwab's July 19, 2017 Order denying Plaintiff's motion for leave to file a first amended complaint, the Court agrees that the filing of such a first amended complaint would be futile, as the proposed first amended complaint, filed with Plaintiff's motion, includes claims that have been previously dismissed with prejudice as well as claims barred by the terms of the Release Plaintiff executed.

report to which objection is made and the basis for such objections." L.R. 72.3.

Informed by the standards governing the Court's review of a Report and Recommendation to which objections have been made, and having considered Plaintiff's objections, and Chief Magistrate Judge Schwab's Report and Recommendation, the Court finds Plaintiff's objections to be without merit. Chief Magistrate Judge Schwab thoroughly considered all potentially relevant factual allegations in Plaintiff's amended complaint in determining that Plaintiff has not alleged, and indeed, cannot allege, any facts which, if proven, would invalidate the Release executed by Plaintiff. As Defendant Voith correctly notes, the omitted facts or inferences about which Plaintiff complains amount to no more than unsupported conclusory allegations that the Court need not accept as true when considering a motion to dismiss. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (stating that in considering a motion to dismiss, a court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth'") (citation omitted). As to Chief Magistrate Judge Schwab's recommendation to dismiss all claims asserted against Voith, including claims asserted pursuant to state law, the Court similarly finds Plaintiff's objection to be meritless, as the Release unambiguously applies to all claims, including state law claims.

With regard to Plaintiff's objection to Chief Magistrate Judge Schwab's July 19, 2017 Order denying Plaintiff's motion for leave to file a first amended complaint, the Court agrees that the filing of such a first amended complaint would be futile, as the proposed first amended complaint, filed with Plaintiff's motion, includes claims that have been previously dismissed with prejudice as well as claims barred by the terms of the Release Plaintiff executed.

**ACCORDINGLY**, upon independent review of the record and applicable law, on this 25th day of September 2017, **IT IS ORDERED THAT**:

1. Chief Magistrate Judge Schwab's Report and Recommendation (Doc. No. 166), is **ADOPTED**;

2. Plaintiff's objections (Doc. No. 181), are **OVERRULED**;

3. Defendant Voith's motion to dismiss Plaintiff's amended complaint (Doc. No. 92), is **GRANTED**;

4. Plaintiff's claims against Defendant Voith are **DISMISSED WITH PREJUDICE**;

5. The Clerk of Court is directed to **TERMINATE** Defendant Voith as a Defendant in this action;

6. Plaintiff's appeal/objection to Chief Magistrate Judge Schwab's July 19, 2017 Order (Doc. No. 182), is **OVERRULED**; and

7. This case is recommitted to Chief Magistrate Judge Schwab for further proceedings.[2]

                                                  s/ Yvette Kane
                                                  Yvette Kane, District Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania

---

[2] As Chief Magistrate Judge Schwab noted in her Report and Recommendation, the only claim remaining in this case is Plaintiff's state law battery claim against Defendant Barlow.